**Richard STACEY, Jr., Plaintiff,**

**v.**

**BANGOR PUNTA CORP., Smith & Wesson International, Inc., Smith & Wesson, Inc.**

**and**

**SMITH & WESSON, Defendant,**

**v.**

**Robert WAITT, Third Party Defendant.**

**Civ. No. 83–0276 P.**

United States District Court, D. Maine.

Oct. 29, 1985.

Michael Latti, William J. Griset, Jr., Latti Associates, Boston, Mass., Thomas F. Shortill, John M. Shortill, Sanford, Me., for plaintiff.

M. Roberts Hunt, Glenn H. Robinson, Portland, Me., for defendant.

Thomas R. McNaboe, John Bass, II, Portland, Me., for third-party Waitt.

GENE CARTER, District Judge.

## ORDER DENYING PLAINTIFF'S MOTION FOR A PRETRIAL ORDER CONCERNING PRIOR SETTLEMENT AND ALLOCATION OF FAULT

Plaintiff contends that no reference should be made during the course of the trial to the fact that a settlement was reached between Plaintiff and Third-Party Defendant Waitt.

Federal Rule of Evidence 408 provides in pertinent part:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.... This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Defendants argue that the exception contained in Rule 408 applies in this case and that the settlement should be admissible because it will be offered to show bias and prejudice of Third-Party Defendant Waitt (i.e., that he is not adverse to Plaintiff). Defendants suggest that the fact of the settlement will also be used for impeachment and to shed light on credibility. Defendants thus urge a broad construction of the Rule 408 exception.

The Court finds determination of this issue to be premature at this time. As commentators have stated:

There are, to be sure, purposes for which the proof [of settlement] is competent, but these are relatively narrow. It is well recognized, and rightly so, that the risks of prejudice and confusion entailed in receiving settlement evidence are such that often Rule 403 and the underlying policy of Rule 408 [to encourage settlement] require exclusion even when a permissible purpose can be discerned.

D. Louisell and C. Mueller, 2 Federal Evidence § 170 at 272 (1978). Neither the Court nor the parties can anticipate exactly the context in which Defendants will seek to offer evidence of Plaintiff's settlement with Waitt at trial. Although Defendants claim to be offering the settlement for purposes of impeachment or credibility determination, sometimes those issues are inextricably bound up with issues of causation and liability and the offer runs afoul of Rule 408. *See McInnis v. AMF, Inc.,* 765 F.2d 240 (1st Cir.1985). Moreover, it is only in light of the evidence actually presented at trial that the Court can determine relevance and balance that against any prejudice or confusion that might be generated by the factual aspects of the settlement.

Similarly, the Court will defer determination on admission of evidence pertaining to the commencement of an action by Plaintiff against Waitt. If and when Defendants seek to admit such evidence, the Court will assess its probative value and possible prejudice in light of the evidence already presented.

Accordingly, Plaintiff's motion for a pretrial order on the admissibility of evidence

is hereby *DENIED* as premature: It is *ORDERED* that no counsel, at trial in the presence of the jury, shall refer to or offer evidence on the fact of, or any aspect of, the settlement, or about the commencement of the state action against Waitt, without first notifying the Court and counsel of the intention to do so and affording counsel an opportunity to register objection and the Court a chance to rule on such objection outside the hearing of the jury.

Plaintiff may reassert during the trial any objection to such evidence.

So ORDERED.